

**IT IS ORDERED as set forth below:**

**Date: March 18, 2020**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NUMBER: |
| | : | |
| **HEATHER LYNNE SANFORD,** | : | **20-60404-SMS** |
| | : | |
| Debtor. | : | CHAPTER 13 |
| _____ | : | |

### ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL

Debtor has filed an Application to employ Drew Mosley, LLC ("Special Counsel") to represent her in connection with a wrongful termination claim (the "Matter"). Special Counsel will represent Debtor on a largely[1] contingent fee basis. No notice or hearing on the Application is necessary. Based upon the attached affidavit, it appears that Special Counsel is a law firm of attorneys with expertise in the matters in which it is specially engaged, and that this case justifies employment of professionals for the purpose specified.

_____

[1] The *Contingency Employment Agreement* attached to the application indicates that Debtor will pay a $600 non-refundable fee in connection with the execution of the contract, which will be credited against any recovery. Doc. 36-1 at 1.

Subject to objection filed by the United States Trustee, the chapter 13 trustee, or any other party in interest in this case within twenty-one days from the date of entry of this Order, it is hereby **ORDERED and ADJUDGED** as follows:

1. Pursuant to 11 U.S.C. § 327(e) and FED. R. BANKR. P. 2014, the employment of Special Counsel to represent Debtor and the estate with respect to the Matter on the contingent fee basis set forth in the Application is hereby approved.

2. Any compromise or settlement of claims relating to the Matters are subject to approval of this Court, after notice to creditors and an opportunity to be heard with regard thereto. FED. R. BANKR. P. 9019(a), 2002(a)(3). Therefore, neither Debtor nor Debtor's chapter 13 counsel ("Counsel for Debtor") is authorized to settle, compromise, or release any claims without the approval of this Court. If a compromise and settlement is reached, Special Counsel or Counsel for Debtor shall file an application to approve same and shall provide notice of the proposed compromise and settlement and of a hearing thereon, if required, to the chapter 13 trustee, Debtor, and all creditors.

3. No compensation shall be paid to Special Counsel until the Court has allowed such compensation in accordance with 11 U.S.C. §§ 330 and 331 and FED. R. BANKR P. 2016 after notice and a hearing on an appropriate application for compensation, copies of which shall be served on the chapter 13 trustee and the United States trustee. Special Counsel should note that contingent fee agreements are subject to Court scrutiny, and pursuant to 11 U.S.C. § 328, the Bankruptcy Court may allow compensation different from a contingent fee agreement.[1] *Blancard v. Bergeron*, 489 U.S. 87 (1989).

---

[1] See the United States Trustee Guidelines for Reviewing Applications for Compensations.

Any objection to this Order shall be served on the United States trustee, the chapter 13 trustee, and Counsel for Debtor.

Counsel for Debtor is directed to mail a copy of this Order to the United States trustee, the chapter 13 trustee, and all parties in interest, and to file with the Court a Certificate of Service indicating such service, within three business days of the entry of this Order.

**END OF DOCUMENT**